# UNITED STATES DISTRICT COURT
### for the
SOUTHERN    District of    TEXAS

| | |
|---|---|
| United States of America<br>v.<br><br>LOUIS NICHOLS DELAUNE<br>*Defendant* | )<br>)<br>)<br>)<br>)    Case No.     4:26-MJ-270 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

☒ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

    **OR**

☒ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(1)** a serious risk that the defendant will flee if released; **or**

☒ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

    ☐ The defendant has not rebutted the presumption.
    **OR**
    ☐ The defendant has rebutted the presumption.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

☒ Weight of evidence against the defendant is strong.

☐ Subject to lengthy period of incarceration if convicted.

☐ Lack of significant family or other ties to the community.

☐ Significant family or other ties outside the United States.

☐ Lack of legal status in the United States.

☐ Subject to removal or deportation after serving any period of incarceration.

☐ Lack of stable residence.

☐ Lack of stable employment.

☐ Lack of financially responsible sureties.

☐ Prior attempt(s) to evade law enforcement.

☐ Use of alias(es) or false documents.

☐ History of alcohol or substance abuse.

☐ Prior criminal history.

☐ History of violence or use of weapons.

☐ Prior violations of probation, parole, or supervised release.

☐ Prior failure to appear in court as ordered.

☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.

☐ Participation in criminal activity while on probation, parole, or supervision.

☒ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

Detention hearing held based on danger to the community as Defendant's conduct involves possession of a firearm and a minor victim (3142(f)(1)(E)) and a serious risk Defendant will threaten, injure or intimidate, or attempt to against a witness (3142(f)(2)(B)). Based on the evidence and testimony at the hearing, as well as considering the pretrial services report, the Court finds by clear and convincing evidence, there are no conditions or combination of conditions to reasonably assure the safety of any other person or the community. The Court further finds, by a preponderance of the evidence, this case involves a serious risk Defendant will threaten, injure, or intimidate or attempt to take these actions against the victim in this case. (United States v. Abrego, 787 F. Supp. 3d 830, 857 (M.D. Tenn. 2025)). The Court also notes another minor victim was involved and the Court considers Defendant's same conduct toward this minor victim as part of this whole case, even though this minor victim was not named in the pending complaint. (United States v. Byrd, 969 F.2d 106, 110 (5th Cir. 1992) (". . . it is not necessary that the charged offense be a crime of violence; only that the case involve a crime of violence or any one or more of the § 3142 factors. But the proof of a nexus between the non-violent offense charged and one or more of the six § 3142(f) factors is crucial."). The Court finds the evidence establishes Defendant is involved in a similar cyberstalking of this other minor victim (V2) as he was against the named victim (V1) in the complaint. The Court makes its decision based on the nature of the pending charge which involves relentless harassment, stalking, and threats to murder victim 1. Testimony shows Victim 1 claims Defendant is the leader of an extremist violent anti-women group called the "incel militia" that targets women and minor girls justifying violence against them. V1 also stated to law enforcement Defendant is associated with other violent groups that target vulnerable populations. Victim 1 told law enforcement Defendant made plans to physically and sexually assault women. Victim 1 provided messages by Defendant where he talks about pedophilia, child pornography and looking for "jailbait teens." Victim 1 had previously been dating Defendant and claims he raped and assaulted her while they dated. Victim 1 told agents that when she tried to break up with Defendant, he threatened to post images of her, and, when she blocked his social media account, he would create new ones and continue to stalk and harass her. Later, Defendant stalked her family members, showed up at her work and harassed her boyfriend. In one message, he contacted the victim pretending to be law enforcement. In other messages, Defendant is talking in a chat room to others threatening to send nude images of Victim 1, threatening to kill her family, and to kill her and himself. Defendant included messages talking about how he drove to her hometown, which was verified by traffic databases. Defendant also had images of him possessing a firearm and admits he does own a firearm. One of the images of the firearm has the words "I got lipstick on my Piece." He also claims to have posted nude images of victim 1 online and blackmailed her by threatening to send nude images to her family. Victim 1 was so scared of Defendant appearing at her work she fled to California without telling her family before later being found and interviewed by agents. Additionally, agents received another report from a minor victim (V2) who told agents she was messaged by Defendant's account threatening to leak explicit nude images of her cutting her breasts when she was 14 years old. V2 claimed Defendant was infatuated with her and unless she responded to him he would "punish" her by posting the explicit nude images online. Agents also received reports from 2022 where Defendant's IG account discussed sexual contact with a 15 year old. In addition, agent received reports from a witness, who was an administrator of an IG group chat, who stated Defendant was in possession of child pornography. The witness, who claimed to know Defendant, stated Defendant admitted to possessing child pornography, was removed from the chat group, and then retaliated by sending the witness and other members videos and pictures of nude minors. In light of the nature of the charged crime, the weight of the evidence, Defendant's offense conduct and prior conduct to the victims, his possession of a firearm in conjunction with multiple threats to kill Victim 1 and her family, as well as travel to that victim's hometown, the Court finds, by a preponderance of the evidence, there is a serious risk Defendant will threaten, injure or intimidate potential witnesses or attempt to do so. In addition, for similar reasons, the Court finds, by clear and convincing evidence, Defendant poses a danger to the community or another person, including himself. As such, the Court concurs with pretrial services' recommendation for detention and detention is ORDERED.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:             May 1, 2026

_____
U.S. Magistrate Judge